FILED
2026 Mar-20  PM 12:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CECIL KIRKLAND,** | } | |
| **Plaintiff,** | } } } | |
| **v.** | } } } | **Case No.:  2:24-cv-01652-RDP** |
| **LAWN CHASERS CORPORATION and CHASE LOCKE,** | } } } | |
| **Defendants.** | } } | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Cecil Kirkland's ("Plaintiff") Motion for Default Judgment against Defendants Lawn Chasers Corporation and Chase Locke (collectively, "Defendants"). (Doc. # 20). Plaintiff seeks entry of default judgment against Defendants for what he contends is a sum certain damages amount. (Doc. # 20). After careful consideration, the court concludes that Plaintiff's Motion is due to be granted.

**I.     Background**

On July 14, 2025, Plaintiff served Defendants with a copy of his summons and amended complaint. (Doc. # 11). The Amended Complaint alleges that Defendants did not pay Plaintiff premium overtime pay in violation of the overtime provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207. (Doc. # 6). In his complaint, Plaintiff seeks money damages in the form of the overtime pay Plaintiff is owed "in addition to any and all liquidated damages resulting from Defendants' failure/refusal" to pay. (*Id.* at 3-4). Despite being properly served, Defendants failed to answer or otherwise respond. (Doc. # 20 ¶ 4).

However, Plaintiff was equally slow to act in this inaction. On August 8, 2025, the court entered its first Show Cause Order directing Plaintiff to explain why he has failed to move for default. (Doc. # 12). Plaintiff responded by filing a motion for entry of default on August 18, 2025,

but only as to Defendant Lawn Chasers Corporation. (Doc. # 14). The Clerk entered default as to Defendant Lawn Chasers Corporation on August 19, 2025. (Doc. # 15). The court then directed Plaintiff to report how the case should proceed on or before September 22, 2025. (Doc. # 17). Plaintiff responded that he would "file a Motion for Default Judgment in the coming days." (Doc. # 18). But, after seeing no meaningful progress, the court issued a second Show Cause Order on January 7, 2026, warning Plaintiff that failure to respond would result in dismissal for failure to prosecute. (Doc. # 19).

Plaintiff responded to the court's second Show Cause Order by filing the instant Motion for Default Judgment against all Defendants in the amount of $11,475.00 in back wages and liquidated damages and $3,084.95 in attorney's fees. (Docs. # 20, 21). But this was despite the fact that Plaintiff never moved for entry of default against Defendant Chase Locke. The court then entered a third Show Cause Order requiring Plaintiff to explain (again) why he failed to move for entry of default as to Defendant Locke. (Doc. # 21).

Plaintiff responded to the court's third Show Cause Order by filing a second Motion for Default Judgment as to Defendant Locke. (Doc. # 22). The court denied Plaintiff's premature Motion for Default Judgment as to Defendant Locke because, as the court had previously explained in its two prior orders, Plaintiff had not moved for entry of default as to Defendant Locke. (Doc. # 23). It further directed Plaintiff to move for entry of default against Defendant Locke on or before March 16, 2026, again warning that failure to comply would result in dismissal. (Doc. # 23). Plaintiff filed that motion one day late, on March 17, 2026. (Doc. # 24). The Clerk nevertheless entered default as to Defendant Locke on March 18, 2026. (Doc. # 25).[1]

---

[1] The court gave Plaintiff numerous chances to correctly move for entry of default. Plaintiff's counsel is encouraged to review Federal Rules of Civil Procedure 55(a) and 55(b), which set out the straightforward process for obtaining default and default judgment. Plaintiff's counsel is also reminded that it is their responsibility to monitor and comply with court-imposed deadlines. If counsel anticipates difficulty meeting a deadline, the proper course is to

## II.    Standard of Review

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). However, entry of default judgment is only appropriate when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted). Under this standard, the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face, similar to that of a motion to dismiss under Rule 12(b)(6). *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted).

## III.   Analysis

Plaintiff seeks default judgment against both Defendants for violations of the FLSA's overtime provisions. (Doc. # 20). Specifically, Plaintiff seeks: (1) $5,737.50 in unpaid overtime wages; (2) an equal amount in liquidated damages, for a total of $11,475.00; and (3) $3,084.95 in attorney's fees and costs. (*Id.*). The court addresses each item, in turn.

### A.    Defendants' Liability

Plaintiff's only claim against Defendants is for overtime violations of the Fair Labor Standards Act ("FLSA"). (Doc. # 6 ¶¶ 11-16). Upon default, the defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from

---

seek an extension from the court in advance, not to miss the deadline without explanation. The court has been patient throughout this litigation. Future courts may not share that disposition.

3

contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Plaintiff's Amended Complaint alleges that around July 2020, he "began working for Defendants as a field manager." (*Id.* ¶ 7). In February 2023, he was promoted to office manager. (*Id.* ¶ 8). Plaintiff's weekly wage was $850, and he "was not exempt from the FLSA's protections during his employment." (*Id.* ¶¶ 9-10). Plaintiff alleges that he "regularly worked in excess of forty (40) hours per week" but Defendants "failed/refused to pay him [the] premium overtime rate for all hours spent working over forty (40) hours in a workweek." (*Id.* ¶ 11).

Because both Defendants failed to plead, answer, or otherwise respond to Plaintiff's complaint, the Clerk entered default as to Defendant Lawn Chasers Corporation on August 19, 2025 (Doc. # 15) and as to Defendant Locke on March 18, 2026 (Doc. # 25). Where, as here, Defendants have failed to appear, acknowledge, or otherwise defend the pendency of this lawsuit for over six months, entry of a default judgment is appropriate.

### B.    Damages

Once liability is established and upon a plaintiff's request including an affidavit showing the amount due, a final judgment may be entered by the court without a hearing if the claim "is for a sum certain or a sum that can be made by computation." Fed. R. Civ. P. 55(b)(1); *see U.S. Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). "[A] plaintiff seeking default judgment must show the [c]ourt what those damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010).

In this case, Plaintiff's damages are calculated based on the standards set forth in the FLSA, 29 U.S.C. § 201, et seq., and Plaintiff's affidavit testimony indicating that he "worked

approximately 50 hours per week during approximately 18 different weeks without receiving any [overtime] compensation." (Doc. # 20 at 5, 6). When Plaintiff requested to be paid the unpaid hours he was owed, Defendant Locke instructed him via text to "have your lawyer file [a] lawsuit" against Defendant Lawn Chasers Corporation, and he would "get [Plaintiff] paid." (*Id.* at 9). In his job as office manager, Plaintiff was paid an hourly rate of $21.25 per hour. (*Id.* at 5).

Because overtime compensation is set at "a rate not less than one and one-half times the [employee's] regular rate," *see* 29 U.S.C. § 207(a)(1), Plaintiff contends that he is due $5,737.50 in back wages. (Doc. # 20 at 6). Plaintiff calculated his back wages by multiplying his prime overtime rate of $31.88 per hour by his ten (10) hours of unpaid overtime per week for the eighteen (18) weeks he went unpaid. Plaintiff has adequately supported his damages by outlining his calculations, and showing that the damages sought are "for a sum certain or a sum that can be made by computation." Fed. R. Civ. P. 55(b)(1). Accordingly, Plaintiff is entitled to $5,737.50 in unpaid overtime wages.

### C.   Liquidated Damages

Plaintiff also moved for liquidated damages equal to his actual damages. "When the jury finds an employer has violated the overtime provision of the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in the same amount, which doubles the total damages awarded." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008); *see* 29 U.S.C. § 216(b). An exception exists, however, if the employer can successfully show that they acted in good faith and had reasonable grounds for believing that they were not in violation of the FLSA. 29 U.S.C. § 260; *see Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court must award a plaintiff liquidated damages that are equal in amount to actual damages.").

Because Defendants failed to appear or otherwise respond to Plaintiff's service of process, Defendants failed to show that they acted in good faith. Indeed, when Plaintiff requested payment of his unpaid wages, Defendant Locke did not dispute that the wages were owed – he simply directed Plaintiff to retain counsel and file suit. (Doc. # 20 at 9). This conduct is hardly consistent with an employer who had reasonable grounds to believe it was acting in compliance with the FLSA. As such, Plaintiff is owed liquidated damages in an additional amount equal to his unpaid wages ($5,737.50), and judgment is due to be entered in the amount $11,475.00.

### D.    Attorney's Fees and Costs[2]

Plaintiff requested $3,084.95 in attorney's fees. (Doc. # 20 at 2). Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Such an award of attorney's fees must be based on a "lodestar," (i.e., hours reasonably expended multiplied by a reasonable hourly rate). *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). To calculate the lodestar, the court must first determine the reasonable hourly rate under the circumstances. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).

---

[2] Although Plaintiff's complaint did not explicitly request attorney's fees, instead demanding only "costs of this action," (Doc. # 6 at 4), the court finds that an award of attorney's fees is appropriate. The FLSA's fee-shifting provision is mandatory, not discretionary: upon entry of judgment in favor of a plaintiff, the court "shall" allow a reasonable attorney's fee. 29 U.S.C. § 216(b).

Moreover, because Plaintiff has obtained a default judgment against Defendants, he is the prevailing party. *See Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs."). Because the FLSA mandates an award of fees when a plaintiff prevails, and because Plaintiff has prevailed by virtue of the default judgment entered against Defendants, the court concludes that the absence of an explicit prayer for attorney's fees in the complaint does not bar their recovery here.

Plaintiff and his counsel bear the burden to produce "satisfactory evidence that the requested rate is in line with the prevailing market rates." *Id*. Satisfactory evidence requires "more than the affidavit of the attorney performing the work" but can be comprised of opinion evidence, so long as the opinion evidence includes testimony as to the skill, reputation, experience, and similarity of case and client between the comparator and the fee applicant. *Id*. Further, a court "is itself an expert on the question . . . and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). In the Eleventh Circuit, "reputation and experience are usually only proxies for skill" and "legal skill may be a function of experience, but that is not always the case." *Norman*, 836 F.2d at 1300.

The Supreme Court also requires the applicant to exercise "billing judgment" in the hours requested. *Hensley*, 461 U.S. at 434. Billable hours include "work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Auth.*, 847 F.2d 738, 738 (11th Cir. 1988). For "applicants that do not exercise billing judgment, courts are obliged to . . . cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise necessary.'" *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley*, 461 U.S. at 434). However, the time must be "obviously and convincingly excessive," and the court must generally identify and explain any hours of work disallowed for the purposes of fee payment. *See, e.g.*, *Perkins*, 847 F.2d at 738; *Norman*, 836 F.2d at 1304.

Here, Plaintiff submitted the affidavit of Attorney Jon-Kaden Mullen with his Motion for Default Judgment. (Doc. # 20 at 11). In the affidavit, Attorney Mullen explained that he calculated his attorney's fees at $350 an hour at 7.5 hours. (*Id.*). Further, the filing fee for the case was

$405.00, and the service costs were $54.95. (*Id.*) These amounts total to $3,084.95 in attorney's fees and costs. (*Id.*).

The court finds the requested hourly rate of $350.00 to be reasonable. This rate is consistent with prevailing market rates in this legal community for counsel of comparable skill and experience handling FLSA matters, and the court's own familiarity with fee awards in similar cases supports that conclusion. *See Norman*, 836 F.2d at 1303; *Pettus v. Fine Line Racing, Inc.*, No. 2:16-CV-01263-RDP, 2017 WL 3624256 (N.D. Ala. Aug. 23, 2017) (finding $350 per hour to be a reasonable rate in an FLSA overtime case).

As to the hours expended, the court finds that 7.5 hours is a reasonable amount of time for a case of this nature, which required filing the complaint, effectuating service, obtaining entry of default, and preparing the motion for default judgment. The court is also satisfied that counsel exercised appropriate billing judgment in arriving at this figure. Finally, the filing fee of $405.00 and service costs of $54.95 are properly recoverable as costs.

Accordingly, the court finds that the total request of $3,084.95 in attorney's fees and costs is reasonable and shall be awarded.

## IV.    Conclusion

For the reasons explained above, Plaintiff's Motion for Default Judgment (Doc. # 20) is **GRANTED.** A separate judgment consistent with this memorandum opinion and order will be entered.

**DONE** and **ORDERED** this March 20, 2026.

R. DAVID PROCTOR
SENIOR U.S. DISTRICT JUDGE